## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

AKASH DIXIT,                         :
                                     :
        Plaintiff,                   :
                                     :
v.                                   :        CASE NO.: 7:19-CV-194 (WLS-TQL)
                                     :
VINCENT FAIRNOT, *et al.*,           :
                                     :
        Defendants.                  :
_____ :

## **ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed on August 16, 2021. (Doc. 78.) Therein, Judge Langstaff recommends denying Plaintiff's motion for an injunction and denying Plaintiff's motions for default judgment. Plaintiff was given an extension of time to file an objection by September 2, 2021 (Doc. 84), and Plaintiff has filed two Objections to the Recommendation (Docs. 85 & 86.) Accordingly, the Court has conducted a *de novo* review of the findings to which Plaintiff properly objected and has reviewed all other findings for plain error and manifest injustice. *See Taylor v. Pekerol*, 760 F. App'x 647, 654 (11th Cir. 2019); 28 U.S.C. § 636(b); Fed.R.Civ.P. 72.

As background, Plaintiff, who is in India, is proceeding in this action *pro se* and *in forma pauperis* and is allowed to file electronically. The only remaining claim in this case is for deliberate indifference for inadequate dental care. The Defendants are officers with Immigration and Customs Enforcement ("ICE") in Atlanta or at the Irwin County Detention Center ("ICDC"). (*See* Docs. 13 & 29.) After service of process was executed on several

Defendants, Plaintiff filed the pending Emergency Motion for Preliminary Injunction, Motion for Default Judgment, and Amended Motion for Default Judgment. (Docs. 55, 56, 57.)

The magistrate judge ordered certain Defendants to show cause why default judgment should not be entered against them (Doc. 59), and Assistant United States Attorney Bernard Snell timely responded to the show cause order stating that "[t]he Acting United States Attorney has not been served pursuant to Fed. R. Civ. P. 4(i)(3), and therefore no responsive pleading as to the federal defendants are due." (Doc. 60 at 2.) He further requested additional time to assume representation in the case and file a responsive pleading. *Id.* at 3. Attorney Snell and another attorney have since filed a Motion to Dismiss on behalf of the Defendants in this case. (Doc. 73.) The magistrate judge also directed that the United States be served in accordance with Rule 4(i). (Doc. 74.) Because it was not clear that Defendants had been properly served and service was still forthgoing, the magistrate judge recommends that Plaintiff's motions for default judgment be denied. Plaintiff objects and argues that Defendants were obviously aware of this case and failed to comply with the Federal Rules of Civil Procedure by failing to timely file an answer or defense. (Doc. 85.) Plaintiff contends that Defendants have thus waived the defense of lack of personal jurisdiction. *Id.* at 6-7. Plaintiff misunderstands the law.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Thus, the Court cannot enter default judgment against a defendant that has not been properly served. A "defendant's actual notice [does] not cure the otherwise defective service of process." *Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 940 (11th Cir. 1995). While a defense of lack of personal jurisdiction can be waived, it is

generally only waivable where a defendant fails to raise it in a responsive pleading or Rule 12 motion or where the defendant "substantially participates in the litigation without actively pursuing its Rule 12(b)(2) defense." *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1223 (S.D. Ala. 2006) (citing cases); *see also Brinson v. Bayer Corp. (In re Trasylol Prods. Liab. Litig. - Mdl-1928)*, No. 08-MD-01928, 2011 U.S. Dist. LEXIS 129249, at *11 (S.D. Fla. July 18, 2011) (rejecting waiver argument because defendant "has not engaged in the type of extensive discovery or motions practice that has persuaded other circuits to find a waiver of the defense"). Indeed, Rule 12(h) specifically provides that a Rule 12(b)(2)-(5) defense is waived when not made in a Rule 12 motion or in a responsive pleading. Fed.R.Civ.P. 12(h). However, waiver does not apply where a defendant has not been served and he merely fails to answer or respond to the complaint. *See Sanderford v. Prudential Ins. Co.*, 902 F.2d 897, 899 (11th Cir. 1990). Accordingly, Plaintiff's Objection to the recommended denial of his motions for default judgment (Doc. 85) is **OVERRULED**.

The magistrate judge also recommends denial of Plaintiff's "Emergency Motion to Issue Interim Injunction to Safe Guard [sic] My Property Interests" (Doc. 55.) The "Nature of the Emergency" is "Some homeless people are trespassing the property. Also, some neighbors are making encroachments in the property" located in Atlanta, GA. *Id.* at 1. Therein, Plaintiff alludes to claims that have already been dismissed in this case and ultimately requests "an interim injunction banning any trespassing or encroachments to the said property without due information to me and this court." *Id.* at 6. The magistrate judge recommends denial of this motion because it seeks injunctive relief against non-parties and because Plaintiff has failed to meet the standards warranting injunctive relief. (Doc. 78 at 1-2.) Plaintiff now objects arguing that he "asked the Defendants to ensure that the property . . . not be trespassed by

strangers." (Doc. 86.) He argues that the Court has jurisdiction to grant such an injunction against the Defendants and he also asks that this Court have the magistrate judge specify why he failed to meet the criteria warranting injunctive relief so that he can then approach this Court for further review. *Id.* at 7. For the reasons that follow, the Objection (Doc. 86) is **OVERRULED**.

The arguments raised in this objection and in the motion for injunction bear great similarity to the numerous prior arguments Plaintiff has raised in this Court concerning state law matters, *e.g.*, his divorce proceedings and a woman's name change petition, both of which were based in the Atlanta area, outside of this Court's jurisdiction, and in which Plaintiff was warned not to file such frivolous and malicious actions. *See Dixit v. Dixit*, Case No. 7:20-cv-124 (WLS); *Singh v. Dixit,* Case No. 7:20-cv-245. Here, the filings regarding trespass on his property in Atlanta are again based on state law, not in this Court's jurisdiction, and have nothing to do with the Defendants in this case or the only pending claim— inadequate dental care when Plaintiff was detained at ICDC. Contrary to Plaintiff's arguments on objection, he asked that the Court enjoin trespassers from his property, and the law is well settled that "a court may not enter an injunction against a person who has not been made a party to the case before it," absent certain exceptions not applicable here. *E.A. Renfroe & Co. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009). Thus, Plaintiff's motion for an injunction is due to be denied. Furthermore, the magistrate judge's determinations were correct and clear (Doc. 78 at 1-2), and in such circumstances, he need not elaborate further. *Alan v. Paxson Communs. Corp.*, 239 F. App'x 475, 479 (11th Cir. 2007); *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010). Plaintiff has failed to meet the standards warranting injunctive relief.

## **CONCLUSION**

Accordingly, upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation (Doc. 78) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Plaintiff's motion for an injunction (Doc. 55) is **DENIED**, and his motions for default judgment (Docs. 56 & 57) are **DENIED WITHOUT PREJUDICE** to Plaintiff's right to refile them only if the Court later determines that the Defendants were properly served when the motions for default judgment were filed.

**SO ORDERED**, this <u>3rd</u> day of September 2021.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**