IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOST DIVISION

| | |
|---|---|
| AKASH DIXIT, : | |
| : | |
| Plaintiff, : | |
| v. : | CASE NO: 7:19-CV-194  (WLS) |
| : | |
| VINCENT FAIRNOT, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ | |

**ORDER**

Before the Court is *pro se* Plaintiff Akash Dixit's ("Dixit") motion to recuse (ECF No. 139) ("Motion to Recuse") filed January 12, 2023, which Dixit brings pursuant to 28 U.S.C. §§ 144, 455. Dixit attached to his Motion to Recuse, an Affidavit, in which he purports to incorporate the assertions contained in an attached Declaration (ECF No. 139-1). Dixit also included a "Certificate of Good Faith" signed by himself in which he "certif[ies] that the affidavit filed with this motion is made in good faith." (ECF No. 139 at 2.) The Affidavit (with the attached Declaration) and the Certificate of Good Faith were filed to comply with the requirements of 28 U.S.C. § 144. For the reasons discussed below, Dixit's Motion is **DENIED**.

**I.    HISTORY OF DIXIT'S FILINGS IN THIS COURT**

    **A.**   *Akash Dixit v. Vincent Fairnot, et al.*, **Case No. 7:19-cv-194 ("Current Case")**

On November 18, 2019, Plaintiff filed this civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1). At that time, Plaintiff, a citizen and resident of India, was a detainee of Immigration and Customs Enforcement ("ICE") in the Irwin County Detention Center in Ocilla, Georgia. Plaintiff has since been deported to India. By prior order of this Court, Plaintiff's deliberate indifference to a serious medical need claim, pertaining to dental care, was allowed to proceed against certain Defendants, and all other claims were dismissed. (ECF Nos. 13, 29, 58). On January 13,

2020, Plaintiff filed his recasted Complaint (ECF No. 9) and on June 30, 2020, he filed an Amended Complaint (ECF No. 23).[1]

In his Motion to Recuse, Dixit brings grievances against the undersigned based on alleged acts in the Current Case, as well as alleging that the undersigned engaged in *ex parte* communications and/or inappropriately influenced and prejudiced state court judges in three other cases that Dixit removed from state court to this Court or filed against state judges in this Court. The other cases were filed by Dixit after the Current Case was filed and all three were dismissed by this Court, in part, because they were frivolous and malicious. Because Dixit bases his request for recusal, in part, on allegations of misconduct by the undersigned in the three dismissed cases, and because those cases provide a glimpse of Dixit's total disregard for the rulings of this Court, as well as other courts, a summary of the relevant portions of those cases is provided as follows:

**B.** *Akash Dixit v. Unnamed Judges of the Georgia Judiciary, Tanya Singh Dixit, or Rose Singh, et al.*,[2] **Case No. 7:20-cv-118 ("Mandamus Case")**

Dixit filed the Mandamus Case on June 18, 2020, seeking relief from a divorce decree issued by the Georgia Superior Court and attempting to have this Court force the Georgia Superior, Appellate, and/or Supreme Courts issue certain rulings in the Divorce Case (described below). This Court dismissed the Mandamus Case, without prejudice, for several reasons, including Dixit's failure to comply with the Court's orders, failure to pay the filing fee, a finding that the complaint filed in the Mandamus Case was frivolous, and that the complaint failed to state a claim. *See* Order, Mandamus Case, ECF No. 8 (M.D. Ga. Sept. 3, 2020).

---

[1] The Court notes that presently pending before the Court is an Order and Recommendation (ECF No. 140) ("Recommendation") filed by United States Magistrate Judge Thomas Q. Langstaff denying Dixit's motion to stay (ECF No. 138), and recommending that this Court grant the Defendants' motion for summary judgment (Doc. 98) and deny Dixit's motion for partial summary judgment (ECF No. 113). Dixit filed an objection to the order denying his motion to stay and to the Recommendation (ECF No. 142). Defendants filed a response in opposition to Dixit's objection (ECF No. 143). In the interest of justice and fairness, the Court first addresses Dixit's motion to recuse (Doc. 139) and, if appropriate, will address the Order and Recommendation and documents filed in response thereto by separate order.

[2] Chief Justice of the Supreme Court of Georgia, Chief Justice of the Court of Appeals of Georgia and Georgia Court of Appeals, Karan Singh and Gregory Golden were also named as Defendants.

2

After the Mandamus Case was dismissed, Dixit did not appeal the decision, but continued to file motions in the case. Dixit first filed a motion to amend the September 3, 2020 Order, which the Court denied. *See* Order, Mandamus Case, ECF No. 11 (M.D. Ga. Nov. 25, 2020). In the November 25, 2020 Order, the Court also addressed the multiple profane, malicious, and threatening statements, including death threats (or at the very least, veiled death threats), Dixit made against the undersigned and his family.[3] The undersigned warned Dixit that frivolous, profane, malicious, and threatening statements would not be tolerated against the undersigned or other judges[4] of the Court, stating:

> Dixit is accordingly **ORDERED to include no further profane, malicious, or threatening statements in this action, in *Dixit v. Fairnot*, 7:19-cv-194 (WLS), in *Dixit v. Dixit*, 7:20-cv-124 (WLS), or in any other action before this, or any, judge of this Court. Failure to comply with this Order may result in sanctions, including, but not limited to, fines, dismissal of filings or an action with prejudice, or prohibition from filing any document in any federal case without permission.**

*Id.*, Mandamus Case, ECF No. 11 at 6 (emphasis in original). The undersigned further stated:

> In light of Dixit's threats against this Judge and his family, this Judge has considered recusal from Dixit's cases and finds that recusal is not necessary at this time. A threat, by itself, typically does not require recusal under [28 U.S.C.] § 455(a). *This Judge finds that he remains able to be impartial in Dixit's cases and that his impartiality is not reasonably in question.* 28 U.S.C. § 455(a). *This Judge further finds that he has no personal bias or prejudice concerning Dixit and that no other reasons for disqualification exists under § 455. See In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014)

---

[3] In addressing Dixit's threats, this Court stated:

> The Court must separately address one more matter. In Dixit's Motion [Mot. to Am., Mandamus Case, ECF No. 10], he makes several profane, malicious, and threatening statements that the Court cannot permit or tolerate. Most serious is Dixit's statement that he prays to God that this Judge and this Judge's family will "meet a long, extended and painful death very soon" and that Dixit's prayers "shall hold and shall come to be" and that God has told him so. (*Id.* at 2.) The Court finds that this statement constitutes, at worst, a death threat against this Judge and this Judge's family and, at least, a veiled threat. This is a reasonable conclusion, particularly in view that Dixit's statement follows at least one earlier statement alluding to the desire to kill judges of the Georgia state judiciary. [Mot. Proceed *Informa Pauperis*, Mandamus Case, ECF No. 6 at 2] ("Imagine that some monsters kidnap your child. At that time will you worry about a job or to kill the fucking monsters who tortured your child? My son was also kidnapped by the fucking judges of the Georgia judiciary.").)

Mandamus Case, ECF No. 11 at 5 (footnotes omitted).

[4] "In *Dixit v. Fairnot*, 7:19-cv-194 (WLS), [Dixit] has used profanities to the point that United States Magistrate Judge Thomas Q. Langstaff warned him that such behavior is "frivolous and malicious[] and grounds for dismissal of this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(i)." Order, *Dixit v. Fairnot*, 7:19-cv-194 (WLS), ECF No. 28 (M.D. Ga. June 10, 2020)." *Id.*, Mandamus Case, ECF No. 11 at 6.

3

> ("[T]here is as much obligation for a judge to not recuse when there is no occasion for him to do so as there is for him to do so when there is.").

*Id.*, Mandamus Case, ECF No. 11 at 5 n.7 (emphasis added) (first internal quotation marks omitted) (first citation string omitted).

Still not accepting this Court's dismissal of the Mandamus Case, Dixit filed four more motions in that case—two seeking reconsideration, a motion for clarification, and a motion for extension of time to file notice of appeal. On March 4, 2021, an Order granting in part the motion for extension of time to file notice of appeal and denying the other motions was entered finally resolving all issues in the Mandamus Case. *See* Order, Mandamus Case, ECF No. 16 (M.D. Ga. Mar. 4, 2021).

In its March 4, 2021 Order, the Court found that Dixit continued to include in his motions insulting, malicious statements intended to harass the Court and to provoke (unsuccessfully) the undersigned. Having warned Dixit that the Court would issue sanctions if Dixit persisted in his inappropriate conduct, the Court terminated Dixit's electronic filing access. *Id.*, Mandamus Case, ECF No. 16 at 5-6.

Finding that Dixit timely filed the motion for extension of notice to appeal with respect to the November 25, 2020 Order and recognizing that Dixit would need additional time to mail such notice due to the termination of his electronic filing rights, this Court granted Dixit fourteen days from entry of its March 4, 2021 Order in which to file a notice of appeal with respect to the Court's November 25, 2020 Order. The motion for extension was denied with respect to the Court's September 3, 2020 Order, on the basis that the motion for extension was not timely filed.

### C.  *Tanya Singh Dixit v. Akash Dixit*, Case No. 7:20-cv-124 ("Divorce Case")

On June 23, 2020, Dixit filed a notice of removal of divorce proceedings against Dixit that had been filed in the Georgia Fulton County Superior Court, in which his ex-wife, Tanya Singh Dixit, sought to quiet title in real estate awarded to her in her divorce action. Dixit had previously removed the same state court matter to the United States District Court for the Northern District of Georgia. *See Dixit v. Dixit*, No. 1:18-CV-1717-TWT, 2018 WL 10509243 (N.D. Ga. May 7, 2018). Although the state court was cognizant of the removal to the Northern District, the state court determined that the removal was untimely and deficient.

4

Concluding that it still had jurisdiction because of the deficient removal, the state court entered an order against Dixit finding that Tanya Singh Dixit was the sole owner of the real estate in question. *See* Mot. to Vacate, Divorce Case, ECF No. 7-1, (M.D. Ga. Sept. 7, 2020).

After full review of the removal, the Northern District dismissed the action as frivolous, denied Dixit's motion to stay action in the state court, and remanded the matter to the state court. In remanding the matter to the state court, the Northern District stated that even though the removal was untimely, improper and/or deficient, the state court had been divested of jurisdiction until the Northern District remanded the case. *See Dixit*, 2018 WL 10509243, at *4.

Apparently, after the matter was remanded to the state court and that court again took up the issue to quiet title, Dixit decided to remove the case to this Court rather than to the Northern District where it was clear he would receive no relief. However, consistent with the decision by the Northern District, this Court dismissed the Divorce Case as frivolous and malicious and remanded the matter to the Superior Court of Fulton County. *See* Order, Divorce Case, ECF No. 8 at 2-3 (M.D. Ga. Sept. 22, 2020).

### D. *Rose Dixit v. Akash Dixit*, **Case No. 7:20-cv-245 ("Name Change Case")**

On December 7, 2020, Dixit filed a notice of removal of another state court action. He captioned the Notice of Removal as "*Rose Singh Also Known By Several Other Names (Petitioner) Vs. Akash Dixit – Respondent[.]*" In removing the case from state court, Dixit requested that the Court dismiss, with prejudice, a name change petition filed by Rose Singh in the Georgia Gwinnett County Superior Court.

This Court dismissed the Name Change Case on December 14, 2020. *See* Order, Name Change Case, ECF No. 4 at 2 (M.D. Ga. Dec. 14, 2020). In dismissing the case, the Court noted that it had recently dismissed and remanded another state court case that Dixit had removed to the Court involving Dixit's divorce proceedings (the Divorce Case described above). In the December 14, 2020 Order, the Court noted that it was aware that the Name Change Case also concerned Dixit's ex-wife who was formerly known as Tanya Dixit. The Court further noted, that through dismissal and remand of his Divorce Case, Dixit had been previously advised that a "district court can *sua sponte* dismiss a complaint without notice if the

5

complaint is patently frivolous." *Id.*, Name Change Case, ECF No. 4 at 2 (internal quotation marks omitted) (citation omitted). Dixit was also aware that state court actions could only be removed "to the district court of the United States for the district and division embracing the place where such action is pending. *Id.* The Name Change Case was pending in the Northern District of Georgia, so the Court dismissed the case and remanded it to the Superior Court of Gwinnett County.

Further because the Name Change Case could not be adjudicated in the Middle District of Georgia, this Court certified that any appeal of the matter would not be taken in good faith. *Id.* Finally, again due to Dixit's multiple frivolous and malicious filings in this Court, the Court's prior warnings to Dixit to cease such filings, and Dixit's stated intent to file "numerous" documents in the Name Change Case, the Court ordered Dixit not to file any documents in the Name Change Case as the action could not be removed to this Court. *Id.*

Disregarding the December 14, 2020 Order, Dixit filed a motion to amend in which he continued his baseless, malicious, sophomoric attempts to goad and provoke the Court. In reviewing Dixit's conduct, the Court stated:

> Dixit repeatedly raises completely baseless and malicious arguments, including: refusal to refer to the undersigned as "Judge," asserting that the undersigned has "exposed himself" as "EVIL" and "as serving the interests of the Driver or [sic] EVIL (DEVIL)," opposing counsel Gregory Golden, asserting that the undersigned knows the opposing counsel well and is obtaining extrajudicial information, and asking the undersigned to "resign[] from the position of the judge." (Doc. 6 at 1, 2, 6, 7.) Such commentary has no factual or legal support and, therefore, serves no purpose other than to harass the undersigned in bad faith. Dixit is well-aware that this Court has been made aware of his divorce-related proceedings and the orders in those cases through Dixit's own filings in this Court. Moreover, Dixit has been warned numerous times now that the Court will not tolerate his malicious filings and will consider imposing sanctions. *See, e.g.*, Order, *Dixit v. Dixit*, Case No. 7:20-cv-124 (WLS), ECF No. 8 at 4 ("Defendant cannot continue to abuse the judicial system, and he is hereby warned that this Court will use its judicial tools to avoid wasting its limited resources on Defendant's frivolous and malicious filings."); Order, *Dixit v. Fairnot*, Case No. 7:19-cv-194 (WLS-TQL), ECF No. 28 (M.D. Ga. June 10, 2020) (warning Dixit that his profane language is "frivolous and malicious[] and grounds for dismissal of this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(i)."

Order, Name Change Case, ECF No. 7 at 3-4 (M.D. Ga. Jan. 13, 2021). The Court also referred to the severe warning Dixit had received by the Court in the Mandamus Case, *see supra*, Part

6

I.B., and the fact that Dixit had totally disregarded all of the Court's previous warnings and admonitions. Consistent with the Court's actions in the Mandamus Case, the Court terminated Dixit's privilege to file electronically in the Name Change Case. *Id.*, Name Change Case, ECF No. 7 at 4-5.

Undeterred, Dixit filed an emergency motion to reconsider and *suo moto* recuse.[5] In that motion, substantially similar to the Motion to Recuse currently before the Court, Dixit asserted that

> [The undersigned] furnished extrajudicial information that was never provided to him through any court document. Surprisingly, [the undersigned] surmised that Rose Singh and Tanya Singh Dixit are one and the same person. This information was not provided to [the undersigned] through any court document. This extra judicial information established clear collaboration between [the undersigned] and Rose Singh and/or her attorney. Since, this was actually the whole issue in the state action, [the undersigned] was trying to prejudice the state court.

Emergency Mot. to Recons. & Recuse, Name Change Case, ECF No. 8 at 3. In its Order addressing the emergency motion, the Court noted that the identity of the petitioner requesting a name change is irrelevant because Dixit failed to provide any sound legal reason for removal of the case to federal court. The Court further stated it had not engaged in any improper conduct, committed any clear legal error, nor abused its discretion in dismissing and remanding the Name Change Case. In responding to Dixit's request that the Court allow Dixit to file a notice of appeal, the Court noted, "[t]o be clear, Dixit has had the right to appeal but, despite filing two post-judgment motions, he has filed no notice of appeal in this case."[6] Order, Name Change Case, ECF No. 9 at 2 (M.D. Ga. Feb. 18, 2021).

The Court stated that it would give no further consideration to future filings from Dixit in the Name Change Case, and with the sole exception that Dixit could file (no later than

---

[5] In the motion filed in the Name Change Case, Dixit indicates he is not asking for the undersigned's recusal unless the undersigned finds himself biased or unable to render justice. Emergency Mot. to Recons. & Recuse, Name Change Case, ECF No. 8 at 2, n. 2 (M.D. Ga. Feb. 8, 2021).

[6] After Dixit filed the notice of removal in the Name Change Case on December 7, 2020, he filed a notice of appeal of the state court judgment to the Georgia Court of Appeals. The state court appeal was filed December 11, 2020. This Court entered its Order dismissing and remanding the Name Change Case on December 14, 2020. Dixit also filed a motion for new trial and motion to set aside judgment in the state court on January 6, 2021, and while that motion was pending in state court, on January 11, 2021, Dixit filed the motion to amend (ECF No. 6) in the Name Change Case.

7

March 4, 2021), a proper Notice of Appeal in the Name Change Case, the Clerk was directed not to file further motions and to strike any future motions filed by Dixit in the Name Change Case. *Id.*

## II.    LAW AND ANALYSIS FOR RECUSAL UNDER 28 U.S.C § 144

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of *counsel* of record stating that it is made in good faith.

*Id.* (emphasis added). The Eleventh Circuit has explained, "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). In construing motions to recuse under § 144, a court "may not pass upon the truth or falsity of the allegations, but must accept them as true for the purpose of determining the legal sufficiency of the affidavit." *United States v. Hanrahan*, 248 F. Supp. 471, 474 (D.D.C 1965) (citing *Berger v. United States*, 255 U.S. 22, 26 (1921); *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 33 (1913)) (additional citation omitted).

> While factual allegations may not be controverted [in construing motion under § 144], *it appears to be beyond dispute that the statutory requirements must be strictly followed, and that the affidavit itself must be strictly construed. It must state facts as opposed to conclusions,* and while the information and belief of the affiant as to the truth of the allegations are sufficient, mere rumors and gossip are not enough. *The identifying facts of time, place, persons, occasion and circumstances must be set forth*, with at least that degree of particularity one would expect to find in a bill of particulars, although the detail of an indictment is not demanded. The requirement that facts and reasons supporting the belief of bias be stated in the affidavit removes the averments from the irresponsibility of unsupported opinion and thus affords protection against the obvious possibility of abuse.

*Hanrahan*, 248 F. Supp. at 475 (emphasis added) (citations omitted). *See also United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015) ("Before a judge recuses [him]self, a § 144 affidavit must be strictly scrutinized for form, timeliness, and sufficiency.") (internal quotation marks omitted) (citation omitted).

The certificate of *counsel* of record stating that the motion to recuse is made in good faith is of significant importance when a party brings a motion to recuse under § 144. "The certificate requirement is founded on the assumption that counsel will not execute a certificate in reckless disregard of the truth. It protects against an obviously untruthful affidavit, or an unjustified attempt by a party to disqualify a judge." *McSmith v. Unite Here Loc. 23*, No. 1:18-CV-4233-SCJ, 2020 WL 10692451, at *2 (N.D. Ga. May 19, 2020) (alterations adopted) (internal quotation marks omitted) (citation omitted). *See also Perkins*, 787 F.3d at 1343 (finding district court was not required to recuse under § 455 and not considering recusal under § 144 where affidavit filed to support defendant's *pro se* motion to recuse did not meet procedural requirements of § 144 because affidavit was not accompanied by a good-faith certificate from defendant's appointed counsel of record.); *Robinson v. Gregory*, 929 F. Supp. 334, 338 (S.D. Ind. 1996) (If *pro se* litigants are allowed to use § 144, the "essential safeguards of counsel's certificate of good faith is lost." *Pro se* litigants can raise exactly the same issues under § 455 and "all they will lose is the automatic disqualification that occurs under [§] 144.")

As noted above, Dixit's Certificate of Good Faith is not signed by an attorney. Thus, he has not and cannot comply with the requirements of a certificate of good faith signed by counsel of record. Under *Perkins*, this defect alone appears sufficient to preclude consideration of the Motion to Recuse under § 144. *Perkins*, 787 F.3d at 1343 (considering *pro se* motion to recuse only under § 455 where defendant's affidavit was not accompanied by a good-faith certificate from his appointed counsel of record).

Even if the Court were to consider Dixit's Motion to Recuse under § 144, the Court's consideration of the motion under § 455 below reflects that Dixit's Affidavit and Declaration fall woefully short of identifying facts of time, place, persons, occasions, or circumstances to require the undersigned recuse himself under § 144. Dixit's allegations are unsupported opinion, conclusions, and gross speculation intended to goad the undersigned. *Cf. Perkins*, 787

9

F.3d at 1342 (defendant was proud of disrupting district court proceedings; conduct displayed complete disregard for the district court).

Finally, the Affidavit (ECF No. 139-1 at 1) attests to the truth of the statements contained therein and to the truth of the statements in the incorporated Declaration (ECF No. 139-1 at 2-4). The Affidavit is patently false. The Affidavit is signed and dated by Dixit and notarized on November 30, 2020. However, the Declaration is signed and dated January 9, 2023. The Court calls into question the veracity of an affiant who attests to the truth of statements made in a declaration signed more than two years after the affidavit is signed and notarized.[7]

Dixit's motion for recusal fails to include the required Certificate of Good Faith signed by an attorney, the Affidavit is suspect as to the matters to which Dixit is attesting, and his Declaration fails to identify the details of his allegations and contains only opinions, speculations, and conclusions. Accordingly, Dixit's Motion to Recuse does not meet the requirements of § 144.

### III. LAW AND ANALYSIS FOR RECUSAL UNDER § 28 U.S.C. § 455[8]

The Court next considers whether the Motion to Recuse should be granted under 28 U.S.C. § 455, which provides, in relevant part, the following:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

---

[7] The Court acknowledges that Dixit signed the Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 declaring that the statements contained "below" Dixit's signature are true and correct. However, the declarations appear above Dixit's signature. Considering Dixit's disdain and lack of respect for the courts before which he has appeared and his lack of respect for the laws of the United States, the Court finds that Dixit's "Declaration" amounts to a mere certification that does not equate to the credibility that counsel's affidavit is intended to provide under § 144.

[8] Dixit's Motion does not specify the subsection of § 455 on which it is based. Therefore the Court will construe Dixit's Motion as having sought the Court's recusal pursuant to both § 455 (a) and (b).

10

28 U.S.C. § 455. The standard of review for a § 455 motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Jones v. Luis*, 372 F. App'x 967, 968 (11th 2010) (per curiam) (quoting *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)).

> Usually, bias sufficient to disqualify a judge must stem from an extrajudicial source, except when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. The bias must be personal, rather than judicial in nature. Therefore, a judge's rulings are not a sufficient basis for recusal in the absence of a showing of pervasive bias.

Jones, 372 F. App'x at 968–69 (alterations adopted) (internal quotation marks omitted) (citations omitted). Further, "[t]he alleged bias and prejudice, in order to be personal and therefore disqualifying, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). The Court must consider the factual basis of the Motion to Recuse, which "cannot be based on unsupported, irrational or highly tenuous speculation." *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (per curiam) (internal quotation marks omitted) (citation omitted).

### A. Allegations that the undersigned had *ex parte* communications with an unidentified individual or relied on matters outside of the record to rule against Dixit.

Dixit contends that the undersigned is incompetent and is biased against Dixit. To support such contentions, Dixit alleges that the unsigned "brought things outside of [the] record to rule against me." Decl. ¶ 2.[9] Dixit does not indicate to which of this Court's multiple rulings he is referring, but presumably, he is raising for the second or third time the allegations made in the Name Change Case summarized above, *see supra*, Part I.D., and which the Court addressed in its January 31, 2021 and February 18, 2021 Orders in that case.

---

[9] Dixit's Declaration is in the record as pages 2 through 4 of his Affidavit (Doc. 139-1).

11

With respect to the "things outside of the record" the undersigned supposedly brought into a ruling against him, Dixit again refers to the Name Change Case in which Dixit attempted to remove a case involving the name change of a "foreign citizen." Decl. ¶ 3. Dixit contends:

> The name of the foreign citizen was Rose Singh. Judge Sands from undisclosed sources figured out that the previous name of Rose Singh was Tanya Singh Dixit, who [is] my ex-wife. This extra judicial collaboration between a judge and a litigant who has not even made and [sic] appearance reeks of blatant bias.

*Id.* Dixit then contends that "[a]long with the unexplained source from which [the undersigned] figured out that Rose Singh [is] my ex-wife, [the undersigned], through his allegation, prejudiced the State Court judge that Rose Singh [is] my ex-wife." Decl. ¶ 4.

Dixit's assertions here, as well as in the remainder of his Declaration, are nonsensical, ludicrous, malicious, and/or simply false. First, the undersigned is at a loss as to what "allegation" he supposedly made and to whom it was made. Dixit is apparently alleging that the undersigned, through some undisclosed, nefarious process, learned that Rose Singh and Tanya Singh Dixit are the same person and that she is Dixit's ex-wife, the undersigned then allegedly disclosed this information along with some allegation against Dixit to cause a state court judge to be prejudiced against Dixit. He also neglects to state the actions allegedly taken by a state court judge that were prejudicial to Dixit based on any knowledge that Rose Singh and Tanya Singh Dixit are the same person.

Dixit apparently desired to hide from this Court and, presumably the state court, the fact that one of Rose Singh's "other names" is Tanya Singh Dixit, his ex-wife. Otherwise, why style the caption as "*Rose Singh Also Known By Several Other Names (Petitioner)*" without identifying the other names which according to other captions or references would be two other names: Tanya Singh and Tanya Singh Dixit. Regardless, Dixit's allegation that the undersigned came by this information through *ex parte* communications with any party or any party's counsel or that the undersigned discussed or attempted to influence the rulings of a state court judge so as to prejudice that judge's rulings involving Dixit are patently false.

Dixit himself, disclosed to this Court that Rose Singh and Tanya Singh Dixit are one and the same person in multiple documents: *See* Am. Compl., Current Case, ECF No. 23 at 13 (alleging defendants in the Current Case "collaborated with private parties Tanya Singh Dixit, also known as Rose Singh, . . .); Compl., Mandamus Case, ECF No. 1 at 1 (Caption

12

"Akash Dixit vs. . . . Tanya Singh or Rose Singh); Compl., Mandamus Case, ECF No. 1 at 5 (in identifying the parties, Dixit states: "Tanya Singh Dixit also known as Rose Singh (wife of the Plaintiff who is also referred to as Tanya Singh in this complaint"); Decl., Divorce Case, ECF No. 4 (Caption filed by Dixit as "Tanya Singh Dixit (Rose Singh) vs. Akash Dixit"); Decl., Divorce Case, ECF No. 4 at 3 (Dixit states that "the minor child who was affected in this controversy is AD, who is the child born out of wedlock[10] between me and Defendant Tanya Singh Dixit OR ROSE SINGH (Tanya Singh.) There is no other child who is referenced in this complaint." (capital lettering in original)); *see also* various certificates of service on documents filed in the four cases filed by Dixit in this Court reflecting service on Tanya Singh Dixit or Rose Singh at the same address of 1885 Watercrest Cir., Lawrenceville, GA. These cases were pending at or around the same time, and a court may take judicial notice of cases on its docket.

### B. Allegations that the undersigned precluded Dixit from appealing the undersigned's decision.

Dixit asserts that the undersigned "abused his position to preclude [Dixit] from appealing [the undersigned's] decision." Decl. ¶ 5. Dixit also contends that the undersigned terminated Dixit's permission to electronically file documents knowing that Dixit "was in India and during Corona Virus pandemic a letter from India would not reach the US in time." *Id.* Dixit did not identify which decision(s) the undersigned allegedly prevented him from appealing.

Dixit is correct that this Court terminated Dixit's permission to file electronically in the Mandamus Case and in the Name Change Case.[11] Electronic filing privileges were terminated in both of those cases due to Dixit's continuing to file documents that included insulting, malicious statements intended to harass and provoke the Court. Prior to terminating Dixit's electronic filing privileges, the Court had warned Dixit multiple times in multiple cases that the Court would issue sanctions if Dixit persisted in his inappropriate conduct.

---

[10] According to the complaint filed in the state court divorce action, Dixit and Tanya Singh Dixit were married on or about April 30, 2010, and AD was born in 2011. Compl. Divorce, Divorce Case, ECF No. 1-1 ¶¶ 3-4.

[11] Dixit was not granted permission to file electronically in the Divorce Case. To date, electronic filing privileges have not been terminated in the Current Case.

13

Specifically, the Mandamus Case was dismissed on September 3, 2020. Dixit's electronic filing privileges in that case were not terminated until March 4, 2021. Rather than filing an appeal, Dixit chose to file five frivolous, malicious motions. Dixit had ample opportunity to file an appeal and nothing in the Court's orders prevented him from doing so. Having filed at least three appeals to the Eleventh Circuit,[12] which were then appealed to the United States Supreme Court, as well as requesting petitions for rehearing,[13] Dixit was by that time well aware of the procedures required to timely file appeals.

The Name Change Case was dismissed on December 14, 2020. Again, rather than filing an appeal, as described above, Dixit chose to file a vituperative motion to amend that resulted in immediate termination of his electronic filing privileges on January 13, 2021. By February 8, 2021, Dixit managed to file another motion in his usual style, in which he included a request that the Court allow him to file a notice of appeal. As indicated above, by December 14, 2020, Dixit, having filed three appeals between 2018 and 2019 to the Eleventh Circuit, was well aware of his right and the procedure to file such appeal. Even so, the Court allowed him an additional fourteen days to file an appeal.

The Court's termination of Dixit's permission and privilege to file electronically imposed as a sanction against Dixit after multiple warnings that the Court would not tolerate his conduct is not a sufficient basis for recusal in the absence of a showing of pervasive bias. These sanctions were appropriate and in accordance with the law in light of Dixit's conduct, as explained in the corresponding orders. Further, this Court did not preclude Dixit from filing any appeals. Rather, Dixit chose to waste time for filing appeals by continuing to file documents he had been warned not to file.

    **C.    Allegations that the undersigned is not properly reviewing United States Magistrate Judge Thomas Q. Langstaff's decisions**

Dixit next contends that the undersigned is not properly reviewing the Reports and Recommendations filed by United States Magistrate Judge Thomas Q. Langstaff. As support

---

[12] *See Dixit v. Dixit*, 769 F. App'x 879 (11th Cir. 2019) (per curiam); *Dixit v. Dixit*, 796 F. App'x 561 (11th Cir. 2019) (per curiam); and *Dixit v. Singh*, 758 F. App'x 766 (11th Cir. 2018) (per curiam).

[13] The Supreme Court denied *certiorari* in all three of Dixit's appeals. *See Dixit v. Singh*, 140 S. Ct. 144 (2019); *Dixit v. Brasher*, 139 S. Ct. 1293, *reh'g denied*, 139 S. Ct. 2047 (2019); *Dixit v. Dixit*, 139 S. Ct. 233, *reh'g denied*, 139 S. Ct. 589 (2018).

for this assertion, Dixit states "that from out of around close to 250 filings, not once has [the undersigned] vetoed any of [Judge Langstaff's] pronouncements. [The undersigned] just blindly adheres to whatever is placed before him." Decl. ¶ 6.

Dixit also disagrees with the undersigned's Order (ECF No. 137), in which the Court denied Dixit's motion to reconsider Judge Langstaff's order (ECF No. 132) denying, among other matters, Dixit's request for an extension of time to complete discovery. As part of his argument that the undersigned is biased or incompetent, or essentially rubber stamping Judge Langstaff's decisions, Dixit contends that Judge Langstaff denied his motion for extension "without any citation of authority and with a ridiculous argument[;]" and when Dixit objected, the undersigned supported Judge Langstaff reasoning that Judge Langstaff "was the most suitable to interpret his own order." Decl. ¶ 7. Finally, Dixit gripes that the undersigned "does not even give [Dixit] minor extensions of a few days. However, Defendants['] non-appearance for close to 15 months has been excused by [the undersigned]." Decl. ¶ 8.

The above arguments merely reflect that Dixit strongly disagrees with this Court's rulings. The Court can assure Dixit that the undersigned reached each ruling in this case, and in each other case over which the undersigned presided, through a fair assessment of the law as applied to the facts. Dixit's Motion to Recuse reflects his dissatisfaction with the Court's rulings throughout the course of this case. His multiple motions reasserting the same arguments and allegations in this Court, the Northern District, and the Eleventh Circuit reflect his obstinate refusal to accept the authority of the Courts of the United States to make and enforce their decisions. The mere fact that Dixit does not like this Court's decisions is an insufficient basis for recusal absent a showing of pervasive bias. *Jones*, 372 F. App'x at 968–69; *See Smith v. Atlanta Postal Credit Union*, 350 F. App'x. 347, 349 ("Rulings against one party in favor of another, without more, do not require a judge to disqualify himself . . .") (internal quotation marks omitted) (citation omitted)).

### IV. CONCLUSION

Based on the foregoing, the Court finds that a reasonable person would not be convinced by Dixit's assertions that the undersigned harbors a bias one way or another in this

case. *Christo*, 223 F.3d at 1333. Thus, the Court finds that recusal is not required under either 28 U.S.C. § 144 or § 455. Dixit's Motion to Recuse (Doc. 139) is therefore **DENIED**.

**SO ORDERED**, this 21st day of February 2023.

                                                 /s/W. Louis Sands
                                                 **W. LOUIS SANDS, SR. JUDGE**
                                                 **UNITED STATES DISTRICT COURT**