IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOST DIVISION

| | |
|---|---|
| AKASH DIXIT, | : |
|         Plaintiff, | : |
| v. | :   CASE NO: 7:19-CV-194 (WLS) |
| VINCENT FAIRNOT, *et al.*, | : |
|         Defendants. | : |

## ORDER

Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis and Paupers Affidavit for the Appeal (Doc. 152) ("Second IFP Motion"). By Notice of Appeal (Doc. 149) ("Second Appeal") filed April 27, 2023,[1] Plaintiff is appealing the Court's Order (Doc. 146) and Judgment (Doc. 147) ("Appealed Order") adopting the Order and Recommendation ("O&R") (Doc. 140) of United States Magistrate Judge Thomas Q. Langstaff. The Appealed Order granted the Defendants' Motion for Summary Judgment (Doc. 98) and denied the Plaintiff's Motion for Partial Summary Judgment (Doc. 113).[2] Plaintiff's Second Appeal further indicates that he "also appeal[s] all the collateral orders leading up to the final order." (Doc. 149 at 1) Plaintiff submitted a Declaration in Support of the Motion (Doc. 152 at 6-7) ("Second Declaration") which is signed under penalty of perjury pursuant to 28 U.S.C. § 1746. After full review of the record and for the reasons stated below, Plaintiff's Second IFP Motion (Doc. 152) is **DENIED**.

---

[1] The Second IFP Motion indicates it is filed in connection with Plaintiff's Notice of Interlocutory Appeal, filed March 10, 2022 (Doc. 118) ("First Appeal"). However, the Eleventh Circuit dismissed that appeal for lack of jurisdiction. (*See* Doc. 148; *Dixit v. Fairnot*, No. 22-10823-F (11th Cir. Apr. 5, 2023)). Therefore, the Court treats the Second IFP Motion as if Plaintiff's intention was to reference his most recent Second Appeal (Doc. 149) filed on April 27, 2023.

[2] The Appealed Order also denied Plaintiff's motion to reconsider denial of Plaintiff's motion to stay (Doc. 138) all proceedings in this Court so Plaintiff could file a motion requesting the Eleventh Circuit to reconsider its dismissal of his First Appeal for lack of jurisdiction. *See supra* n. 1. It is unclear whether Plaintiff is appealing the denial of his motion to reconsider the denial of this motion to stay which was also decided by the Appealed Order.

1

## I. BACKGROUND FACTS AND PROCEDURES

On November 18, 2019, Plaintiff filed this civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Doc. 1). At that time, Plaintiff, a citizen of India, was a detainee of Immigration and Customs Enforcement ("ICE") in the Irwin County Detention Center ("ICDC") in Ocilla, Georgia. On January 31, 2020, Plaintiff was deported to India. (Doc. 152 at 6.) By prior order of this Court, Plaintiff's deliberate indifference to a serious medical need claim, pertaining to dental care, was allowed to proceed against certain Defendants, and all other claims were dismissed. (Docs. 13, 29, 58.) On January 13, 2020, Plaintiff filed his recasted Complaint (Doc. 9) and on June 30, 2020, he filed an Amended Complaint (Doc. 23).

After numerous pretrial matters were resolved, on December 20, 2021, the discovery period expired. (Docs. 132, 137.) Dispositive motions were due thirty days after the discovery period expired (or January 19, 2022). (Doc. 13 at 25.) On December 7, 2021, Defendants filed their Motion for Summary Judgment. On February 16, 2022, Plaintiff filed his untimely Motion for Partial Summary Judgment. In addition, Plaintiff filed a motion to recuse (Doc. 139). Prior to entering a decision on the pending motions for summary judgment, the Court fully reviewed and considered the motion to recuse. An Order (Doc. 145) ("Recusal Order") denying the motion to recuse was entered on February 22, 2023 and the Appealed Order was entered on March 28, 2023 (Doc. 146).

## II. APPLICABLE LAW

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .

> (3) An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

Similarly, Appellate Rule 24(a) provides:

> (1) . . . [A] party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed in Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.
>
> (2) . . . If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24(a).

## III. DISCUSSION

The Court must make two determinations when faced with an application to proceed with an appeal *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Additionally, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

### A. Plaintiff failed to provide sufficient information for the Court to conclude that he is unable to pay the $505 filing fee.

As noted above, Plaintiff's Second Declaration asserts that since September 9, 2016, he has not had a stable source of income (Doc. 152 at 6 ¶ 1). The Second Declaration is a duplicate of the declaration (Doc. 125 at 4-7) ("First Declaration") attached to Plaintiff's *in forma* pauperis motion (Doc. 125) ("First IFP Motion") filed April 1, 2022, with respect to his First Appeal. A substantial portion of the Second Declaration relates to Plaintiff's lack of income from September 2016 through his deportation on January 30, 2020, rather than his current income (Doc. 152 at 6 ¶¶ 1-9). Plaintiff asserts that since returning to India, more than three years ago, he has not been able to obtain employment in the institutions of higher learning—his area of competence—because of a hiring freeze, the corona virus pandemic, and his incarceration in the United States. (*Id.* ¶ 10) Plaintiff further asserts that he has mental

3

health issues, and it is believed he is suffering from Post Traumatic Stress Disorder. (*Id.* ¶¶ 10-11) Finally, Plaintiff contends that his only income is $200 per month from tutoring children and that he "take[s] help from [his] parents to ease [his] boarding and lodging expenses."[3] (*Id.* ¶¶ 13-14).

As mentioned above, the statements in Plaintiff's Second Declaration are duplicative of those made more than a year ago in First Declaration. Plaintiff has not updated his financial information and has not explained his efforts to obtain a job outside his usual area of employment. Nor has he updated the status of the referenced job freeze or the effect of the corona virus pandemic on his employment efforts. He does not explain how much help he obtains from his parents. Plaintiff fails to provide any documentation in support of his asserted mental health issues or documents to support that he suffers from PTSD. Plaintiff failed to provide all information required by Form 4 of the Appendix of Forms ("Form 4") as required by Appellate Rule 24(a)(1)(A). Plaintiff did not update the status of his access to bank accounts in the United States (Doc. 152 at 6 ¶ 8). Nor did he provide any information regarding bank accounts or other financial accounts he has in India or other places outside the United States. *See* Form 4, item 5. Plaintiff has not disclosed any real estate, vehicles, or other assets he owns wherever they are located. *Id.* items 6-7. Most significant, Plaintiff's penalty of perjury declaration lacks the complete statement required by Form 4, to-wit: "I swear or affirm under penalty of perjury that, *because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. . . .*" *Id.* at 1 (emphasis added). Thus, Plaintiff has not provided the Court with sufficient information and certification to conclude that he is unable to pay the $505 fee.

---

[3] Apparently, on the theory that it is a persuasive reason that his Second IFP Motion should be granted, Plaintiff also states that he has over fifty court cases in the United States Courts filed in the Supreme Court of the United States, the United States Court of Appeals for the Eleventh Circuit, the Supreme Court of Georgia, Court of Appeals of Georgia, and Superior Court of Fulton County, Georgia. Plaintiff asserts all the listed courts have granted his *in forma* pauperis motions. (Doc. 152 at 7 ¶¶ 15-16.) However, of fifty cases, Plaintiff provides the case numbers for only eight cases. The Court does not find it persuasive that because he has fifty other cases, that Plaintiff needs to proceed *in forma pauperis*. Nor is it persuasive that other courts may have granted Plaintiff's motions; particularly where Plaintiff has not provided any details of the information provided to such courts for their consideration of his motion.

4

### B. Plaintiff's appeal is not taken in good faith.

Even if Plaintiff had provided sufficient information on which the Court could conclude that he is unable to pay the filing fee, Plaintiff has not demonstrated good faith because he seeks review of only frivolous issues. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (Good faith is demonstrated when a petitioner seeks review of a non-frivolous issue). An issue "is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'" (citations omitted)).

### C. Plaintiff's issues on appeal.

The Plaintiff states that "[a]t the heart of this appeal is the whistle blower nature of this suit." (Doc. 152 at 1) Plaintiff goes on to complain about the evil members of America's judiciary. However, as indicated above, this is a simple civil rights case filed pursuant to *Bivens* in which Plaintiff was allowed to proceed with *his* deliberate indifference to a serious medical need claim, pertaining to dental care, while he was an ICE detainee at ICDC. After wading through Plaintiff's usual unnecessary rhetoric, the Court addresses four issues on appeal.[4]

> 1. *Plaintiff takes issue with the Court's denial of Plaintiff's motion to reinstate his motion for default judgment (Docs 97, 116).*

The Plaintiff complains about "differential treatment meted out to [him] and the Defendants by this Court" and contends that "the Defendants were excused a long delay of about 15 months to respond to the summons by this Court" while he was penalized for small errors of missing discovery deadlines by a few days. (Doc. 152 at 2 ¶ 1) What Plaintiff fails to reveal in his Second IFP Motion is that the United States Attorney had not been properly served. This alleged "differential treatment" is the same issue raised in Plaintiff's First Appeal based on the Court's Order (Doc. 116) in which the Court overruled Plaintiff's "objection" to Judge Langstaff's order denying Plaintiff's motions for sanctions, motion for reinstatement of

---

[4] The notice of this Second Appeal identified the Court's order (Doc. 146) granting the Defendants' motion for summary judgment, denying Plaintiff's motion for partial summary judgment, and the collateral orders leading up to the Appealed Order as the matters appealed. Interestingly, nowhere in his Second IFP Motion does Plaintiff identify as issues on appeal any of the issues decided in the Appealed Order.

5

his motion for default judgment, and related motion for extension of time (Docs. 96, 97). The Eleventh Circuit dismissed the First Appeal for lack of jurisdiction due to the interlocutory nature of the First Appeal. However, the interlocutory nature of the First Appeal was not the only basis on which this Court denied the First IFP Motion. The Court stated,

> [T]here is no basis to consider or reinstate Plaintiff's motion for default judgment or to impose sanctions against the Defendants at this time. This Court and the magistrate judge have explained the reasons therefore in numerous orders, including *supra* in this Order. The Court knows of no legal basis that the Court could grant such relief, and Plaintiff has provided no arguable basis in law or fact for a court to do so.

Order (Doc. 128 at 5); *see also id.* at 2-3 (explaining history of Plaintiff's filings and orders related to this issue)). Plaintiff's appeal of this issue is frivolous and is not filed in good faith.

> 2. *Plaintiff takes issue with the Court's refusal to allow Plaintiff to represent his minor son or to appoint representation for his minor son (Doc. 43, 45).*

The Plaintiff asserts that his minor son was entitled to representation in this action, and he is appealing the Court's refusal to allow Plaintiff to represent his son or to appoint an attorney to represent his son in this action. (Doc. 152 at 2 ¶ 2.) To understand his reason for appealing this issue, the Plaintiff requests the Court review his motion for leave to appeal (Doc. 43) and this Court's Order (Doc. 45) denying his motion for a certificate of immediate review. (Doc. 152 at 2 ¶ 2) In its Order (Doc. 45), the Court reiterated the reason why Plaintiff was not allowed to represent his son, quoting from a previous order:

> In federal courts, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C.S. § 1654. But "parents who are not attorneys may not bring a pro se action on their child's behalf." *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (explaining that while Rule 17(c), Fed. R. Civ. P., permits a parent to sue on behalf of a minor child, it does not permit a non-attorney parent to act as legal counsel for the child in such an action), *overruled in part on other grounds*. As such, a district court may dismiss a complaint brought by a non-attorney parent seeking to represent their minor child. *Fuqua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (affirming dismissal). Dixit's citations otherwise are inapposite and unpersuasive here. While Rule 17(c)(2) allows a next friend to sue on behalf of a minor, "a non-lawyer parent has no right to *represent* a child in an action in the child's name." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (emphasis in original). "Courts will not allow non-attorney parents to 'bring a *pro se* action on their child's behalf — because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents.'" *Oliver v. Southcoast*

6

*Med. Grp., LLC*, No. CV411-115, 2011 U.S. Dist. LEXIS 70016, at *6 (S.D. Ga. June 13, 2011) (quoting *Devine v. Indian River County School Bd.*, 121 F.3d 576, 582 (11th Cir. 1997)).

(Doc. 45 at 2 (quoting Order Doc. 29 at 8-9).) Plaintiff states that "[w]hile [he] has less issues with [him] not being allowed to raise the brutality, inhumanity and consequent injustice towards my minor son, no representation at all to my son is unlawful." (Doc. 152 at 2 ¶ 2.) "It [still] remains unclear what claims Plaintiff wishes to bring on behalf of his minor son, and the Court cannot find that such claims are related to this case." (Doc. 45 at 3.) As such, the Court finds that Plaintiff's appeal of this issue is frivolous and is not filed in good faith.

      3. *Plaintiff appeals the Court's denial of his motion to recuse (Docs. 139, 145).*

Plaintiff's third issue on appeal is the Court's denial of his motion to recuse. (Doc. 152 at 3-4 ¶ 3.) In his Second IFP Motion, Plaintiff makes his routine unsupported, malicious allegations against the United States federal and state judiciary, and against the undersigned specifically. (*Id.*) Plaintiff alleges that "[t]he presiding judge of this Court is not just . . . [and is] not sincere to his own county[.]" (*Id.*) Plaintiff's unfounded dispersions against the undersigned are "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. As such, appeal of this issue is frivolous and not taken in good faith. *Coppedge*, 369 U.S. at 445.

      4. *Plaintiff appeals dismissal of unidentified portions of his complaint.*

Plaintiff's final issue on appeal is the dismissal of portions of his complaint. However, Plaintiff does not identify by citation to documents and/or page numbers the specific portions of his complaint that were dismissed. Nor does he identify the orders he is appealing that dismiss those portions of the complaint.[5] Rather, he again makes unsupported, outrageous allegations that in his complaint he "alleged that this Court has been compromised," that "the whole and sole purpose of this Court is to save the Lassalle [sic] Corporate [sic]," and that the ICDC detainees are kept for years "because that is the only way the American tax payer's [sic]

---

[5] It is not the Court's duty to search the docket to locate these documents for the Plaintiff. *See cf. Rogers v. Penland*, 232 F.R.D. 581, 582 (E.D. Tex. 2005) ("The court is not going to root through the statements of various experts as if on a search for truffles with which to award the parties.").

7

money could be transferred to the private prison, ICDC or Lassalle [sic]." (Doc. 152 at 4 ¶ 4.) Plaintiff goes on to assert:

> The hard earned money of the American tax payer [sic] is very glibly transferred to private prisons. These issues were highlighted through my complaint. However, a [sic] major and important portions of that complaint were dismissed. I appeal against the dismissal of those portions. It is the backstabbing of the American people that I want to bring to fore through this appeal.

(Doc. 152 at 5) Putting aside Plaintiff's incredibly audacious belief that he is an appropriate representative of the American taxpayers his complaint was filed as a *Bivens* action. He is allowed to represent *only* himself. Thus, this issue is also "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. Appeal of this issue is frivolous and not taken in good faith. *Coppedge*, 369 U.S. at 445.

## IV. CONCLUSION

The Court knows of no legal basis on which the Court could grant relief as to any of the issues Plaintiff has identified in his Second IFP Motion. Plaintiff has provided no arguable basis in law or fact for a Court to do so. Accordingly, the Court finds and hereby certifies that Plaintiff's appeal is frivolous and is not brought in good faith.

For the foregoing reasons, Plaintiff's Motion to Proceed In Forma Pauperis and Paupers Affidavit for the Appeal (Doc. 152) is **DENIED**. Plaintiff may submit his requests to the Eleventh Circuit Court of Appeals consistent with its rules and the applicable law or pay the appellate filing fee.

**SO ORDERED**, this 26th day of June 2023.

    /s/W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**