IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOST DIVISION

AKASH DIXIT,                          :
                                      :
             Plaintiff,               :
v.                                    :        CASE NO: 7:19-CV-194  (WLS)
                                      :
VINCENT FAIRNOT, *et al.*,            :
                                      :
             Defendants.              :
_____      :

## ORDER

Before the Court is Plaintiff's Motion to Reconsider (Doc. 156) and Brief in Support of Motion to Reconsider Denial of Motion for IFP (Doc. 157, together with Doc. 156, the "Motion to Reconsider"). Therein, Plaintiff requests reconsideration of the Court's Order (Doc. 154) entered June 26, 2023, denying Plaintiff's Motion to Proceed In Forma Pauperis and Paupers Affidavit for the Appeal (Doc. 152) ("IFP Motion").

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). None of these grounds are present here. "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996). Having fully reviewed the Motion to Reconsider and finding it is without merit, the Court finds it will be denied for the reasons set forth below.

Plaintiff did not address, let alone support, any of the findings a Court is required to make before granting a Motion to Reconsider. Plaintiff failed to show that any intervening change in the law or any new and previously unavailable evidence support the Court reconsidering its Order on the IFP Motion. Nor did Plaintiff show that the Court made a clear error of law in denying the IFP Motion. The Plaintiff's Motion to Reconsider is essentially a restatement of the arguments he made in his IFP Motion and in numerous other documents filed in this Court.[1] Plaintiff again harps on the alleged disparate treatment between himself and defendants. There are only so many ways a Court can explain that the deadline for a defendant to respond to a complaint does not begin to run until the complaint is served. There are only so many ways a Court can state that under the laws of the United States a person who is not a lawyer cannot represent another individual and whether there is a parent/child relationship between those parties is irrelevant. Nor does Plaintiff want to hear that under the law his son is not a party to the action he filed in this Court. The Plaintiff did not raise any new, previously unavailable arguments with respect to the Court's denial of Plaintiff's motion for the undersigned to recuse himself.

In its Order denying the IFP Motion, the Court noted that the Plaintiff failed to identify or address in his IFP Motion any of the issues that were in the Order (Doc. 146) identified in the Notice of Appeal. (Doc. 154 at 5 n.4.) In his Motion for Reconsideration, the Plaintiff states:

> [I]t seems that this Court wants me to point out the inadequate dental attention provided to me by the Defendants as an issue explicitly. As such, I hereby point out that inadequate dental attention shall be one of the issues in my appeal. I ask that this Court considers this motion for reconsideration with this issue as well.

(Doc. 157 at 14.) This statement does not provide support for the Court to grant Plaintiff's Motion for Reconsideration. It does not reflect a change in the law, does not present new, previously unavailable evidence, and does not reflect that the Court made a clear error of law.

---

[1] Plaintiff includes additional slanderous statements impugning the undersigned's character and intelligence as compared to Plaintiff. Regardless of his reason for continuing such insults against the undersigned and the United States' Judiciary, Plaintiff's statements are irrelevant to this appeal.

Accordingly, Plaintiff's Motion to Reconsider (Doc. 156) is **DENIED**. As the Court previously stated in its Order (Doc. 154), Plaintiff may submit his request to proceed *informa pauperis* to the Eleventh Circuit Court of Appeals consistent with its rules and the applicable law or pay the appellate filing fee.

**SO ORDERED**, this 14th day of July 2023.

 /s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**